UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CARLEE WALKER** )<br>)<br>**PLAINTIFF,** )<br>)<br>)<br>v. )<br>)<br>)<br>**DCM SERVICES, LLC** )<br>)<br>**DEFENDANT.** ) | **CIVIL ACTION NUMBER**<br>**JURY TRIAL DEMANDED** |

## COMPLAINT

This is an action brought by the Plaintiff, Carlee Walker, for actual and statutory damages, attorney's fees, and costs for Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"). Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of Alabama's common laws set forth herein.

### JURISDICTION AND VENUE

This Court has jurisdiction under 15 U.S.C. §1692k (d), and 28 U.S.C. §1331, §1332, and §1367. Venue is proper in that the Defendant transacted business here, and the Plaintiff resides here.

### PARTIES

1. The Plaintiff, Carlee Walker ("Walker" or "Plaintiff"), is a resident and citizen of the state of Alabama, Jefferson County, and is over the age of twenty-one (21) years.

2. The Defendant, DCM Services, LLC. ("Defendant"), is a foreign corporation who is registered with the Alabama Secretary of State. The Defendant is engaged in the business of

collecting consumer debts from consumers residing in Jefferson County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

### *Background*

3. Ms. Walker is the mother of the late Matthew A. Knighten. Ms. Walker is an elderly woman who is in very poor health and lives on a meager fixed income derived from disability benefits.

4. Ms. Walker's sister, Betsy Hagood, lives in Ms. Walker's home in order to care for her.

5. Ms. Walker's son, Matthew A. Knighten, committed suicide in June, 2008.

6. Mr. Knighten's death caused many of his consumer debts to become in default.

7. Upon information and belief, Defendant has either purchased some defaulted consumer debts of Mr. Knighten, or has been retained by Mr. Knighten's creditors to collect the defaulted consumer debts.

8. Beginning in August, 2008, the Defendant began a campaign of harassment and abuse towards Ms. Walker in an attempt to have her pay Mr. Knighten's debts.

### *Dunning Letters*

9. Beginning in August, 2008, the Defendant sent a series of dunning letters to Plaintiff's home, addressed to "The Estate of Matthew A. Knighten." The dunning letters from Defendant purport that they represent creditors such as Target National Bank and Wells Fargo Financial Bank.

10. Plaintiff also received a letter from "Forum Credit Company, LLC" advising her of

their "privacy policy." Upon information and belief, "Forum Credit Company, LLC" is affiliated with defendant and shares the same address, but has not disclosed their affiliation or any reason why they have contacted the Plaintiff.

### *Numerous Collection Phone Calls*

11.     Beginning in September, 2008, Defendant began calling the home phone of Plaintiff in an attempt to collect the debts allegedly owed by Mr. Knighten. These alleged debts were incurred for personal, family, or household purposes.

12.     Plaintiff estimates that Defendant has called her between 45-50 times in September and October, 2008.

13.     Plaintiff also estimates that she has spoken with agents/employees of defendants regarding the debts on more than 30 occasions.

14.     Each time Plaintiff has spoken with an agent/employee of the Defendant, she has notified them that there was no estate of Mr. Knighten, that there were insufficient assets by which to open an estate for him, and that she was not personally liable for any of the debts of Mr. Knighten.

15.     Each time Plaintiff has spoken with an agent/employee of the Defendant, she has demanded that they no longer contact her in regards to her late son's debts.

16.     In spite of Plaintiff's pleas for her privacy to be respected, and for the incessant communications to cease and desist, the Defendant continued to harass and abuse Plaintiff with numerous and systematic collection efforts.

### *Improper Third Party Contacts*

15.     In the first conversation Plaintiff had with Defendant, Plaintiff notified Defendant that there was no estate of Mr. Knighten, and that she was therefore not the personal representative of Mr.

Knighten.

16. Defendant was therefore on notice that Plaintiff was not the consumer or his spouse.

17. All communications with Plaintiff after they received such notification were improper third-party contacts.

### *Attempting to Collect From a Known Non-Debtor*

18. Defendant knew that there was no estate of Matthew A. Knighten, and that Plaintiff was not liable for the alleged debt(s).

19. Nevertheless, Defendant continued to harass Plaintiff with numerous communications in an attempt to collect the alleged debt(s) from her.

### *Messages Left on Plaintiff's Answering Machine*

20. Defendant also left numerous messages on Plaintiff's home answering machine.

21. Many of these communications failed to disclose that they were from a debt collector, and that they were an attempt to collect a debt, and that any information obtained would be used for that purpose.

22. Many of these communications were heard by third parties, such as Plaintiff's (caretaker) sister.

23. As a result of Defendants extensive harassment and abuse, Plaintiff has suffered emotional distress, mental anguish, inconvenience, and worry.

## COUNT ONE
## FAIR DEBT COLLECTION PRACTICES ACT

24. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

25. The Defendant has engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA") with respect to alleged consumer debt(s).

26. The Defendant violated §1692d by using harassment and abusive means in attempting to collect a debt.

27. The Defendant violated §1692d(5) by causing Plaintiff's telephone to ring repeatedly and continuously with the intent to annoy, harass, and abuse the Plaintiff.

28. The Defendant used false representations and/or deceptive means to attempt to collect a debt or obtain information concerning the Plaintiff in violation of §§1692e(2), (10), and (11).

29. As a proximate result of the Defendant's actions, the Plaintiff was caused to suffer damages.

## COUNT TWO
## NEGLIGENT TRAINING AND SUPERVISION

30. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

31. The Defendant knew or should have known the status of the alleged debt in relation to the Plaintiff, and of the conduct set forth herein which was directed at and visited upon the Plaintiff.

32. The Defendant knew or should have known that said conduct was improper.

33. The Defendant negligently failed to train and supervise collectors in order to prevent said improper conduct.

34. The Defendant negligently failed to train and supervise collectors on the FDCPA as it relates to communications with consumers and third parties.

35.    As a result of the Defendant's negligence, the Plaintiff was caused to suffer damages.

## COUNT THREE
## RECKLESS AND WANTON TRAINING AND SUPERVISION

36.    The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

37.    The Defendant knew or should have known the status of the alleged debt in relation to the Plaintiff, and of the conduct set forth herein which was directed at and visited upon the Plaintiff.

38.    The Defendant knew or should have known that the said conduct was improper and illegal.

39.    The Defendant recklessly and wantonly failed to train and supervise collectors in order to prevent said improper illegal conduct.

40.    The Defendant recklessly and wantonly failed to train and supervise collectors on the FDCPA as it relates to communications with consumers.

41.    As a result of the Defendant's recklessness and wantonness, the Plaintiff was caused to suffer damages.

## COUNT FOUR
## INVASION OF PRIVACY

42.    The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

43.    Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the FDCPA, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, **and to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

44. The Defendant undertook and/or directed communications to the Plaintiff constituting an invasion of privacy, as set out and described in the common law of the State of Alabama. Said communications were made in disregard for Plaintiff's right to privacy. Said communications were made to force, coerce, harass, embarrass and/or humiliate the Plaintiff into paying a debt.

45. Said invasions were intentional, willful, and malicious, and violated the Plaintiff's privacy. The Plaintiff avers that the communications were made by individuals who were the employees of and/or acting on behalf of Defendant.

46. Said communications constitute the wrongful intrusion into his solitude and seclusion.

47. As a proximate consequence of said invasion of the right of privacy, the Defendant has caused the Plaintiff to suffer embarrassment, worry, humiliation, anxiety, nervousness, and mental anguish.

## COUNT FIVE
## OUTRAGE

48. Plaintiff adopts and re-alleges all paragraphs contained in this Complaint as if set forth fully herein.

49. The Defendant's conduct as described herein was intentional and/or reckless, extreme and outrageous, and caused emotional distress such that no reasonable person could be expected to endure it.

50. As a direct and proximate result of the Defendant's outrageous conduct the Plaintiff has suffered damages as herein described below.

## COUNT SIX
## WANTONNESS

51. Plaintiff adopts and re-alleges all paragraphs contained in this Complaint as if set forth fully herein.

52. The Defendant, with reckless indifference to the consequences, either consciously and/or intentionally committed the wrongful acts alleged herein or consciously omitted a known duty causing damage to the Plaintiff.

53. As a direct and proximate result of the Defendant's wantonness the Plaintiff has suffered damages as herein described below.

## COUNT SEVEN
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

54. Plaintiff adopts and re-alleges all paragraphs contained in this Complaint as if set forth fully herein.

55. The Defendant's actions alleged herein were done willfully, maliciously, outrageously, deliberately, and purposely with the intention to inflict emotional distress upon the Plaintiff and/or were done in reckless disregard of the probability of causing Plaintiff emotional distress, and these acts did in fact result in severe and extreme emotional distress.

56. As a direct and proximate result of the Defendant's wanton acts alleged herein, Plaintiff was caused to incur severe and grievous mental and emotional suffering, frustration, anguish, shock, nervousness, loss of sleep and anxiety.

## COUNT EIGHT
## NEGLIGENCE

57. Plaintiff adopts and re-alleges all paragraphs contained in this Complaint as if set

forth fully herein.

58. The Defendant owed a duty of reasonable care to the Plaintiff not to harm her or, at least, after being told that the Plaintiff was not the personal representative of the estate of Matthew A. Knighten, and that there was no estate of Matthew A. Knighten, to no longer contact Plaintiff in regards to the alleged debt(s).

59. Despite owing this duty to the Plaintiff, Defendant negligently breached this duty in failing to act in a reasonably prudent manner given the circumstances.

60. As a direct and proximate result of the Defendant's negligence, Plaintiff was caused to suffer damages.

### *Respondeat Superior Liability*

61. The acts and omissions of the agents/employees of Defendant who communicated with Plaintiff were committed within the time and space limits of their agency relationship with their principal, Defendant DCM Services, LLC.

62. The acts and omissions by the agents/employees were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

63. By committing these acts and omissions against Plaintiff, the agents/employees were motivated to benefit their principal, the Defendant.

64. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its agents/employees, including but not limited to violations of the FDCPA, in their attempts to collect this alleged debt from Plaintiff.

## AMOUNT OF DAMAGES DEMANDED

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands a judgment against the defendant as follows:

A. Declaratory judgment that the Defendant's conduct violated the FDCPA;

B. Statutory damages of $1,000 from the Defendant for the violations of the FDCPA (15 U.S.C.§1692k);

C. Actual damages for the Defendant's violations of the FDCPA;

D. Costs and reasonable attorney's fees from the Defendant pursuant to 15 U.S.C.§1692k;

E. Compensatory and punitive damages against Defendant on Plaintiff's state law claims for damages due to the Negligent Training and Supervision, Reckless and Wanton Training and Supervision; Invasion of Privacy, Outrage, Wantonness, Intentional Infliction of Emotional Distress, Negligence; and,

F. Such other relief that this Court deems just and proper.

_____
W. Whitney Seals
ASB 8890-W81S
Pate & Cochrun, LLP
P.O. Box 10448
Birmingham, AL 35202-0448
Phone (205) 323-3900

_____
Michael W. Lindsey
ASB 4328-A63L
Lindsey Law Firm, LLC
One Perimeter Park Dr., Ste 330 N
Birmingham, AL 35243
Phone (205) 970-2233